UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| REGIONS EQUIPMENT FINANCE CORPORATION | § § | |
| VS. | § § | CIVIL ACTION NO. |
| THE AT 2400, OFFICIAL NUMBER 530775, AT 1800B, OFFICIAL NUMBER 530112, AT 1400, OFFICIAL NUMBER 279236, ACCU I, OFFICIAL NUMBER 533962, ACCU III, OFFICIAL NUMBER 514466, ACCU IV, OFFICIAL NUMBER 580267, AT 3010, OFFICIAL NUMBER 1080340, AT 3014, OFFICIAL NUMBER 1086811, AT 3006, OFFICIAL NUMBER 1080267, AT 3008, OFFICIAL NUMBER 1080268, ACCU VII, OFFICIAL NUMBER 520332, ACCU VIII, OFFICIAL NUMBER 541599, AT 1401, OFFICIAL NUMBER 295706, AND ACCU XI, OFFICIAL NUMBER 536661, their engines, tackle, furniture, apparel, appurtenances, etc., in rem, and ACCUMARINE TRANSPORTATION, L. P., in personam | § § § § § § § § § § § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

The Complaint of Regions Equipment Finance Corporation (hereinafter "Regions") against the vessels, AT 2400, Official Number 530775, AT 1800B, Official Number 530112, AT 1400, Official Number 279236, ACCU I, Official Number 533962, ACCU III, Official Number 514466, ACCU IV, Official Number 580267, AT 3010, Official Number 1080340, AT 3014, Official Number 1086811, AT 3006, Official Number 1080267, AT 3008, Official Number 1080268, ACCU VII, Official Number 520332, ACCU VIII, Official Number 541599, and AT 1401, Official Number 295706, and ACCU XI, Official Number 536661, their engines, tackle, furniture, apparel, appurtenances, etc., in rem, and Accumarine Transportation, L. P., in personam, respectfully represents:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and jurisdiction of the United States and this Honorable Court is proper under 28 U.S.C. §1333 and 46 U.S.C. §31325(c).

2.

At all material times, Plaintiff, Regions, was, and now is, a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama.

3.

Defendant vessels, AT 2400, Official Number 530775, AT 1800B, Official Number 530112, AT 1400, Official Number 279236, ACCU I, Official Number 533962, ACCU III, Official Number 514466, ACCU IV, Official Number 580267, AT 3010, Official Number 1080340, AT 3014, Official Number 1086811, AT 3006, Official Number 1080267, AT 3008, Official Number 1080268, ACCU VII, Official Number 520332, ACCU VIII, Official Number 541599, and AT 1401, Official Number 295706, and ACCU XI, Official Number 536661, are each documented vessels for which certificates of documentation have been issued by the United States Coast Guard, National Vessel Documentation Center, pursuant to 46 U.S.C. §12101 *et seq.* (hereinafter, the "Vessels"), and are now or will be during the pendency of this action, within the navigable waters of this district.

4.

Defendant, Accumarine Transportation, L.P. ("Accumarine") is a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business at 7026 Old Katy Road, Suite 249, Houston, Texas 77024-2125. Service of Process can be effected

on Accumarine by serving its registered agent, Accumarine Transportation GP, LLC, 7026 Old Katy Road, Suite 249, Houston, Texas 77024-2125. Accumarine operates the Vessels in interstate commerce and regularly contracts to provide services or things in this State or otherwise transacts business in this State. Accumarine was and still is the owner of the Vessels.

5.

On or about April 17, 2008, Regions, as "Lender", and Accumarine, as "Borrower", together with certain guarantors of Accumarine, entered into that certain Third Amended and Restated Loan Agreement, to govern the terms and conditions pursuant to which Regions would extend credit to Accumarine. A true and correct copy of the Third Amended and Restated Loan Agreement is attached hereto as Exhibit "A", the terms of which are incorporated herein by this reference.

6.

On or about May 18, 2007, Regions and Accumarine executed and delivered the original Loan Agreement (which agreement has been amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create a line of credit in favor of Accumarine to finance the acquisition and refurbishment by Accumarine of the vessels, AT 2400, AT 1800B, AT 1400, ACCU I and ACCU IV. On even date with the original Loan Agreement, and pursuant thereto, for valuable consideration, Accumarine executed and delivered to Regions a Promissory Note in the principal amount of THREE MILLION FIVE HUDRED THOUSAND AND NO/100 Dollars ($3,500,000.00) to evidence the maximum amount of advances to be made by Regions to Accumarine under the line of credit opened under the Loan Agreement (the "Facility A Note"). A true and correct copy of the Facility A Note is attached hereto as Exhibit "B", the

terms of which are incorporated herein by this reference. All credit available to Accumarine under the original Loan Agreement and the Facility A Note was fully drawn by August 17, 2007.

7.

On or about June 14, 2007, Regions and Accumarine executed and delivered an amendment to and restatement of original Loan Agreement (which agreement has been further amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create an additional term loan facility in favor of Accumarine of up to TWO MILLION SIX HUNDRED SEVENTY-THREE THOUSAND AND NO/100 Dollars ($2,673,000.00) to finance the acquisition and refurbishment by Accumarine of two used coastwise towing vessels, including the ACCU III. On even date with the amendment and restatement of the Loan Agreement, Accumarine executed and delivered to Regions, for valuable consideration, a Promissory Note in the principal amount of TWO MILLION SIX HUNDRED SEVENTY-THREE THOUSAND AND NO/100 Dollars ($2,673,000.00) to evidence the additional acquisition loan made by Regions to Accumarine pursuant to the Loan Agreement as amended and restated (the "Facility B Note"). A true and correct copy of the Facility B Note is attached hereto as Exhibit "C", the terms of which are incorporated herein by this reference.

8.

On or about July 11, 2007, Regions and Accumarine executed and delivered a second amendment and restatement of the Loan Agreement (which Loan Agreement has been further amended and restated by the Third Amended and Restated Loan Agreement filed herewith) to create an additional line of credit in favor of Accumarine to finance the acquisition and refurbishment of certain additional tank barges, the AT 3006, AT 3008, AT 3010, and AT 3014. On even date with the second amendment and restatement of the Loan Agreement, for valuable

consideration, Accumarine executed and delivered to Regions a Promissory Note in the principal amount of NINE MILLION THREE HUNDRED SIXTY THOUSAND AND NO/100 Dollars ($9,360,000.00) to evidence the maximum amount of advances to be made by Regions to Accumarine under the new line of credit opened under the Loan Agreement as amended and restated (the "Facility C Note"). A true and correct copy of the Facility C Note is attached hereto as Exhibit "D", the terms of which are incorporated herein by this reference. All credit available to Accumarine under the Loan Agreement, as amended and restated, and the Facility C Note was fully drawn by August 22, 2007.

9.

On or about April 17, 2008, Regions and Accumarine executed and delivered the Third Amended and Restated Loan Agreement to amend and restate the original Loan Agreement (as previously amended and restated) to create an additional term loan facility in favor of Accumarine of up to FIVE MILLION FOUR HUNDRED FIFTY-FIVE THOUSAND AND NO/100 Dollars ($5,455,000.00) in order to finance the acquisition and refurbishment of an additional towboat and certain additional tank barges, including the AT 1401, and to refinance a bridge loan made to Accumarine by Regions Bank, an affiliate of Plaintiff, which had been used by Accumarine to finance the acquisition of two additional towing vessels, the ACCU VII and ACCU VIII. On even date with the amendment and restatement of the Loan Agreement, Accumarine executed and delivered to Regions, for valuable consideration, a Promissory Note in the principal amount of FIVE MILLION FOUR HUNDRED FIFTY-FIVE THOUSAND AND NO/100 Dollars ($5,455,000.00) to evidence the additional loan made by Regions to Accumarine pursuant to the Loan Agreement as amended and restated (the "Facility D Note", and together with the Facility A, Facility B and Facility C Notes, the "Notes"). A true and correct copy of the

Facility D Note is attached hereto as Exhibit "E", the terms of which are incorporated herein by this reference.

10.

In order to secure all existing and future obligations, liabilities and indebtedness of Accumarine under the Loan Agreement, as amended and restated, and under the Notes, among other obligations, Accumarine executed and delivered that certain First Preferred Fleet Mortgage, dated May 18, 2007, in favor of Regions, as mortgagee, in the original amount of $3,500,000.00. The First Preferred Fleet Mortgage was filed with the United States Coast Guard, National Vessel Documentation Center, on May 22, 2007 at 4:27 p.m. and recorded as Batch No. 589034, Doc. ID No. 7203392. The First Preferred Fleet Mortgage was supplemented by six separate mortgage supplements, each executed and delivered by Accumarine and Regions on or about June 17, 2007, July 11, 2007, August 9, 2007, January 31, 2008, April 17, 2008 and May 1, 2008, respectively, and each duly filed with the United States Coast Guard, National Vessel Documentation Center. True and correct copies of the original First Preferred Fleet Mortgage, and Supplements Nos. 1 – 6 thereto, are attached hereto as Exhibits "F-1" – "F-7" (the original First Preferred Fleet Mortgage, as supplemented by Supplements Nos. 1 – 6, hereinafter, collectively, the "Mortgage"). The Mortgage, as supplemented, constitutes a preferred mortgage lien bearing against and encumbering the Vessels in the amount of $20,988,000.00.

11.

All of the things required to be done under Chapter 313 of Title 46, United States Code, in order to give the Mortgage, as supplemented, the status of a preferred ship mortgage were done of caused to be done by Regions, as mortgagee, or by the United States Coast Guard, National Vessel Documentation Center.

6

12.

Accumarine is now in default under the Loan Agreement, the Notes and the Mortgage as hereinafter set forth.

13.

Despite amicable demand, Accumarine failed or refused to pay the installments of principal and interest scheduled under the Notes when due. The failure of Accumarine to pay the scheduled installments of principal and interest under the Notes constitutes a default under the Notes and an Event of Default under Section 8.1(a) of the Loan Agreement. As of March 15, 2010, the aggregate outstanding balance of principal and accrued and unpaid interest owned under the Notes was $20,466,338.62, broken down as follows:

| Note | Outstanding Principal | Outstanding Interest |
| --- | --- | --- |
| Facility A Note | $2,303,938.06 | $154,431.97 |
| Facility B Note | $3,061,708.36 | $193,879.37 |
| Facility C Note | $8,719,615.64 | $566,569.77 |
| Facility D Note | $5,186,778.83 | $279,416.62 |

The outstanding balance owed under the Notes continues to accrue interest at the Default Rate stipulated in the Loan Agreement and the Notes, eighteen percent (18%) per annum, until all sums due under the Loan Agreement and the Notes is paid in full.

14.

In addition to the default under the Notes, additional Events of Default have occurred and are continuing pursuant to Sections 8.1(b), (c) and (d) of the Loan Agreement as a result of (a) the failure of Accumarine to comply with the financial reporting requirements set forth in Section 6.1 of the Loan Agreement, (b) the failure of Accumarine to maintain a Debt Service

7

Coverage Ratio of not less than 1:30:1 as required under Section 6.1 of the Loan Agreement, and (c) the failure Accumarine to prevent the attachment of liens against the mortgaged vessels in violation of Section 7.1 of the Loan Agreement and Section 1.03 of the Mortgage.

15.

The Loan Agreement, as amended and restated, and the Notes provide that if Accumarine, as borrower, fails to make any payment of principal or interest due under the Notes, or upon the occurrence of any other Event of Default, as such term is defined in the Loan Agreement, Regions may declare the Notes to be immediately due and payable, and the Notes will thereupon become immediately due and payable, without notice, demand, presentment, notice of dishonor, notice of acceleration, notice of intent to accelerate, notice of intent to demand, protest, or other formalities of any kind, all of which were expressly waived by Accumarine in such instruments.

16.

The Loan Agreement, as amended and restated, the Notes and the Mortgage, each further provide that, in the event that the Notes are placed in the hands of an attorney for collection or suit, the maker, Accumarine, agrees to all costs of collection and the reasonable fees of such attorney.

17.

The Loan Agreement, as amended and restated, and the Notes further provide that, following the occurrence of an Event of Default, Regions shall have the right to exercise any and all remedies provided under the Loan Agreement, as amended and restated, the Mortgage or any other loan documents or available to Regions in equity or under applicable law, including the

right to foreclose or otherwise enforce all liens or security interests securing payment of the Notes and other sums due under the loan documents.

18.

All sums due and owing by Accumarine to Regions under the Loan Agreement, as amended and restated, and under the Notes, together with all costs of foreclosure against the Vessels, including reasonable attorneys' fees, are sums secured by the preferred mortgage lien of the Mortgage.

19.

All and singular, the premises of this Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Regions Equipment Finance Corporation, prays:

1. For judgment against defendant, Accumarine Transportation, L.P., for the principal amount of TWENTY MILLION FOUR HUNDRED SIXTY-SIX THOUSAND THREE HUNDRED THIRTY-EIGHT AND 62/100 DOLLARS ($20,466,338.62), together with interest on the principal amount at the rate of eighteen percent (18%) percent per annum from March 15, 2010 until the date of Judgment herein, and thereafter at the legal rate until paid in full, reasonable attorneys' fees, and all costs of these proceedings;

2. That process *in rem* issue in due form of law under Supplemental Rule C of the Federal Rules of Civil Procedure and according to the practices of this Honorable Court in a cause of admiralty and maritime jurisdiction citing all persons having or claiming interest in the vessels, AT 2400, Official Number 530775, AT 1800B, Official Number 530112, AT 1400, Official Number 279236, ACCU I, Official Number 533962, ACCU III, Official Number

514466, ACCU IV, Official Number 580267, AT 3010, Official Number 1080340, AT 3014, Official Number 1086811, AT 3006, Official Number 1080267, AT 3008, Official Number 1080268, ACCU VII, Official Number 520332, ACCU VIII, Official Number 541599, and AT 1401, Official Number 295706, and ACCU XI, Official Number 536661, their engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, to appear and answer, under oath, all and singular, the matters aforesaid; and, after due proceedings had herein, that Regions Equipment Finance Corporation have judgment against the Vessels, *in rem*, for the principal amount of TWENTY MILLION FOUR HUNDRED SIXTY-SIX THOUSAND THREE HUNDRED THIRTY-EIGHT AND 62/100 DOLLARS ($20,466,338.62), together with interest on the principal amount at the rate of eighteen percent (18%) percent per annum from March 15, 2010 until the date of Judgment herein, and thereafter at the legal rate until paid in full, reasonable attorneys' fees, and all costs of these proceedings;

    3.    That the vessels, AT 2400, Official Number 530775, AT 1800B, Official Number 530112, AT 1400, Official Number 279236, ACCU I, Official Number 533962, ACCU III, Official Number 514466, ACCU IV, Official Number 580267, AT 3010, Official Number 1080340, AT 3014, Official Number 1086811, AT 3006, Official Number 1080267, AT 3008, Official Number 1080268, ACCU VII, Official Number 520332, ACCU VIII, Official Number 541599, and AT 1401, Official Number 295706, and ACCU XI, Official Number 536661, their engines, tackle, furniture, apparel, appurtenances, etc. be arrested and sold to satisfy the judgment of Regions Equipment Finance Corporation;

    4.    That the First Preferred Fleet Mortgage executed and delivered by defendant, Accumarine Transportation, L.P., as supplemented by Supplements 1 – 6, be declared to be a valid and subsisting lien against the Vessels in the amount claimed herein, and that such lien be

declared to be prior and superior to the claims and interests of all persons, firms or corporations whatsoever in and to the Vessels; and

    5.    For all other general and equitable relief as this Court deems just and proper.

Respectfully submitted,

_____
Michael K. Eaves
State Bar No. 00787414
CALVERT EAVES CLARKE & STELLY, L.L.P.
2615 Calder Avenue, Suite 1070
Beaumont, Texas 77702
Telephone: (409) 832-8885, ext. 5702
Facsimile: (409) 832-8886

And

Stewart F. Peck (La. Bar#10403)
Benjamin W. Kadden (La. Bar#29927)
LUGENBUHL, BURKE, WHEATON,
PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Attorneys for Defendant,
Regions Equipment Finance Corporation